

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–13–67

| | |
|---|---|
| | **Opinion Delivered** October 2, 2013 |
| SAFECO INSURANCE COMPANY OF ILLINOIS and BARNEY TRAVIS, as parent and natural guardian of DYLAN TRAVIS, a minor<br>APPELLANTS | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [No. CV-08-953] |
| V. | HONORABLE DAVID N. LASER, JUDGE |
| SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY<br>APPELLEE | REMANDED TO SUPPLEMENT THE RECORD AND ADDENDUM; REBRIEFING ORDERED |

## LARRY D. VAUGHT, Judge

Appellants Safeco Insurance Company of Illinois (Safeco) and Barney Travis (Barney), as parent and natural guardian of Dylan Travis (Dylan) (collectively appellants), appeal the September 28, 2012 order entered by the Circuit Court of Craighead County, denying their motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial. Due to a deficiency in the record and in appellants' addendum, we remand for supplementation of the record and addendum and order rebriefing.

Dylan's grandmother, Virginia Hodges (Hodges), was the owner of a 2002 Ford Explorer. The vehicle was insured under a policy of automobile insurance by appellee Southern Farm Bureau Casualty Insurance Company (Farm Bureau). On February 3, 2008, Dylan (then sixteen years old) went to Hodges's house, found her asleep, and took her vehicle to the movies to pick up five friends. After leaving the theater, Dylan decided to "jump a hill." During the

approach to the jump, he applied his brakes, lost control of the vehicle, and collided with a tree. Two of the five passengers alleged that they sustained injuries as a result of the accident and filed a complaint against Dylan for damages.

Safeco had issued a policy of automobile liability insurance to Dylan's father, Barney, on which Dylan was listed as an additional insured. Safeco provided a defense to the Travises and made demand on Farm Bureau to assume coverage, arguing that Dylan had implied permission to drive Hodges's vehicle. In response, Farm Bureau filed a complaint for declaratory judgment against appellants, and others, seeking a declaration that Dylan was not a "covered person" as defined by the Farm Bureau policy because he did not have implied permission to operate Hodges's vehicle. Farm Bureau also argued that Dylan's conduct was excluded from coverage based on the intentional-acts exclusion. After appellants filed an answer to the declaratory-judgment complaint, Farm Bureau moved for summary judgment. The trial court granted Farm Bureau's summary-judgment motion, finding the facts undisputed that there was no implied permission from Hodges to Dylan regarding the use of the vehicle. Accordingly, the trial court found that Farm Bureau owed no duty to defend or indemnify Dylan. Appellants timely appealed the order, and our court, in *Travis v. Southern Farm Bureau Casualty Insurance Co.*, 2010 Ark. App. 848, at 9, 378 S.W.3d 786, 790, reversed and remanded, holding that the evidence raised questions of fact as to whether Dylan had implied permission to drive Hodges's vehicle.

On remand, the case proceeded to a jury trial. On August 21, 2012, the trial court entered a judgment, in accordance with the jury verdict, in favor of Farm Bureau, finding that it owed no duty to defend or indemnify Dylan. Thereafter, appellants filed a motion for judgment

notwithstanding the verdict or, in the alternative, motion for new trial. On September 28, 2012, the trial court entered an order denying the motions.

Appellants' current appeal challenges the sufficiency of the evidence supporting the jury's verdict on the issue of the intentional-act exclusion and alleges jury misconduct involving this exclusion. However, we are unable to reach the merits of these arguments because of a deficiency in appellants' addendum. Arkansas Supreme Court Rule 4-2(a)(8) (2012) requires that an appellant's brief include an addendum consisting of all documents essential to the appellate court's resolution of the issues on appeal. In addition, pursuant to Rule 4-2(a)(8)(A)(i), in a case where there was a jury trial, the jury verdict forms must be included in the addendum.

In the case at bar, appellants have not included the jury verdict forms (Interrogatories No. 1 and 2) in their addendum.[1] Further, the two jury interrogatories are not included in the record.[2] Therefore, we order appellants to correct this deficiency by supplementing the record within thirty days. Ark. R. App. P.–Civ. 6(e) (2012). Thereafter, pursuant to Ark. Sup. Ct. R. 4-2(b)(3) (2012), we order appellants to file a supplemental addendum curing any deficiencies and rebriefing within fifteen calendar days from the date on which the supplemental record is filed.

Remanded to supplement the record and addendum; rebriefing ordered.

PITTMAN and WALMSLEY, JJ., agree.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Michael P. Vanderford* and *Mark D. Wankum*, for appellants.

*David A. Hodges*, for appellee.

---

[1]Blank copies of Interrogatory No. 1 and 2 are included in the addendum.

[2]Blank copies of Interrogatory No. 1 and 2 are included in the record.